# IN THE UNITED STAES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| THEODORE M. SANZO AND | : | 5-21-01947 HWV |
| MADELINE SANZO, | : | |
| | : | |
| DEBTOR(S) | : | CHAPTER 7 |

| | | |
|---|---|---|
| JOHN J. MARTIN, CHAPTER 7 TRUSTEE, | : | ADV. |
| | : | |
| PLAINTIFF, | : | |
| VS. | : | |
| FRANK COLACHINO AND | : | |
| CAROL COLACHINO, | : | |
| | : | |
| DEFENDANTS. | : | |

## CHAPTER 7 TRUSTEE'S COMPLAINT TO RECOVER CONSTRUCTIVE FRAUDULENT CONVEYANCE

**AND NOW COMES,** the Plaintiff, John J. Martin, Chapter 7 Trustee ("Trustee"), by and through his attorney, John J. Martin, and files the following Complaint and in support thereof alleges:

### *The Parties*

1. That Plaintiff John J. Martin was appointed as the Chapter 7 Trustee in this matter by the Office of the United States Trustee and having duly qualified continues to serve in that capacity. The Trustee maintains offices at 1022 Court Street, Honesdale, PA 18431.

2. That Defendants Frank Colachino and Carol Colachino are believed and therefore averred to be a competent adult individuals with an address at 618 Cortez Road, Jefferson Township, Pennsylvania 18436-3814.

## Statement of Jurisdiction and Venue

3. That this case arises out of the Debtor's case under Chapter 7 of Title 11 of the United States Code and this Court has jurisdiction over the instant Adversary Proceeding pursuant to 28 §§ 157 and 1334.

4. That venue of this action is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1409(a) as this proceeding arises from and relates to a case under Title 11 of the Code, which is pending in this District.

## Factual Allegations

5. That the Debtors herein, Theodore M. Sanzo and Madeline Sanzo, filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code on or about September 7, 2021.

6. That the Trustee believes and therefore avers that on or about July 13, 2021 the Debtors executed a deed transferring certain real property located in Jefferson Township, County of Lackawanna and Commonwealth of Pennsylvania with a value at the time of said transfer in excess of $175,0000.00 ("Transfer") to the Defendants for the sum of One Dollar ($150,000.00). A copy of said deed is attached hereto, made a part hereof and labeled Exhibit "A".

7. That as closing, the Debtors made a "gift of equity" in the amount of $30,000.00 to the Defendants, and therefore the actual consideration paid by the Defendants to the Debtors for the Transfer was $120,000.00. A copy of the "Closing Disclosure" from the July 13, 2021, closing is attached hereto, made a part hereof and labeled Exhibit "B".

8. That the Plaintiff believes and therefore avers that as of the date of the aforesaid Transfer, the Defendants, were the son-in-law and daughter of the Debtors,

9. That the Plaintiff believes and therefore avers that as of the date of the aforesaid Transfer, the Defendants were each an "insider" of the Debtors.

*Count I*
*To Recover Property Pursuant to 12 Pa. C.S.A. § 5501, et seq.*
<u>*Plaintiff vs. Defendants*</u>

10. That paragraphs one (1) through nine (9), above, are incorporated herein by reference as though each had been fully set forth at length.

11. That the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C.S.A. § 5501, et seq., (hereinafter referred to a "PUFTA"), among other things provides for two potential causes of action:

> **§ 5104. Transfers fraudulent as to present and future creditors**.
>
> **(a) General rule.--**A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>     (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>     (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

**§ 5105. Transfers fraudulent as to present creditors**

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

12. Pursuant to 11 U.S.C. § 544 (b)(1) the "trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the Debtor that is avoidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or not allowable under section 502 (e) of this title".

13. It is well settled that "applicable law" would include causes of action available under state law such as PUFTA.

14. That the Plaintiff submits that the Transfer of the real property to the Defendants constitutes a fraudulent conveyance under PUFTA for the following reasons:

    a. The Transfers was made with the actual intent to hinder, delay and defraud creditors of the Debtors;

    b. The Transfers was made at a time when the Debtors were insolvent or, in the alternative, the Transfer referred to herein rendered the Debtors insolvent;

    c. The Debtors did not receive reasonably equivalent value in exchange for the Transfer to the Defendants;

    d. Subsequent to the Transfer the Debtors intended to incur, or believed or reasonably should have believed that the she would incur, debts beyond the debtor's ability to pay as they became due, as is evidenced by the subsequent bankruptcy of the Debtors.

WHEREFORE, the Plaintiff respectfully requests that this Court enter an Order avoiding the Transfer of the real property made by the Debtors to the Defendants, and for such other and further relief as this Court deems just and appropriate.

### Count II
### To Recover Property Pursuant to 11 U.S.C. § 548
### Plaintiff vs. Defendants

15. Paragraphs one (1) fourteen (14) above are incorporated herein by reference as though each had been fully set forth at length.

16. That 11 U.S.C. § 548 states in pertinent part

> **(a)(1)** The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
> **(A)** made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> **(B)(i)** received less than a reasonably equivalent value in exchange for such transfer or obligation; and
> **(ii)(I)** was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
> **(II)** was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;
> **(III)** intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
> **(IV)** made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

. . . .

17. That the Plaintiff submits that the Transfer of the real property to the Defendants constitutes a fraudulent conveyance under 11 U.S.C. § 548 for the following reasons:

>a. The Transfers was made with the actual intent to hinder, delay and defraud creditors of the Debtor;

>b. The Transfers was made at a time when the Debtor was insolvent or, in the alternative, the Transfer referred to herein rendered the Debtor insolvent;

>c. The Debtor did not receive reasonably equivalent value in exchange for the Transfer to the Defendants

>d. Subsequent to the Transfer the Debtor intended to incur, or believed or reasonably should have believed that the she would incur, debts beyond the debtor's ability to pay as they became due, as is evidenced by the subsequent bankruptcy of the Debtor.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order avoiding the Transfer of the real property made by the Debtors to the Defendants, and for such other and further relief as this Court deems just and appropriate.

*Count III*
*To Recover Property Pursuant to 11 U.S.C. § 550*
*<u>Plaintiff v. Defendants</u>*

18. Paragraphs one (1) seventeen (17) above are incorporated herein by reference as though each had been fully set forth at length.

19. That pursuant to 11 U.S.C. § 550(a), the Trustee may, if a transfer is avoided under 11 U.S.C. §§ 544, 545, 547, 548, 549, 553(b), or 724(a), recover for the benefit of the estate, the property transferred, or if the Court so orders the value of the property from the initial transferee of such transfer or from the entity for whose benefit the transfer was made.

20. That the Defendants were the initial transferees and recipient of the Transfer set forth herein.

21. That the Defendants did not give full value and/or consideration for said for the Transfer.

22. That the Defendant received a fraudulent conveyance an amount in excess of $55,000.00.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order avoiding the Transfer of the real property made by the Debtors to the Defendants, or in the alternative award the Plaintiff judgment as against the Defendants, joint and severally, in an amount to be determined by the Court, but in no event less than $55,000.00, and for such other and further relief as this Court deems just and appropriate.

November 16, 2021                                     Respectfully submitted,

/s/ John J. Martin, Esquire
Law Offices of John J. Martin
1022 Court Street
Honesdale, PA  18431
(570) 253-6899
jmartin@martin-law.net
Attorney For Chapter 7 Trustee